**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH MALDONADO MANCILLA, | No. 22-1396 |
| Petitioner, | Agency No. A208-085-613 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Petitioner Judith Maldonado Mancilla ("Maldonado"), a native and citizen of Mexico, illegally entered the United States in 2002. On May 28, 2015, she pleaded no contest to accessory after the fact to kidnapping, in violation of California Penal Code § 32[1] and was sentenced to three years in the county jail. I n removal proceedings, Maldonado requested asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). Maldonado petitions for review of the Board of Immigration Appeals' ("BIA's") denial of withholding of removal and deferral of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.  In reviewing the BIA's particularly serious crime determination, *see* 8 U.S.C. § 1231(b)(3)(B)(ii), our review is limited to "determin[ing] whether the BIA applied the correct legal standard." *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir.

---

[1] California Penal Code § 32 provides:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Cal. Penal Code § 32 (2015).

2019) (internal quotation marks and citation omitted). We review for abuse of discretion, *see Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam), and reverse only if the BIA acted "arbitrarily, irrationally, or contrary to law," *id.* (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)). "Our review is limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (alteration in original) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)). Because the BIA reviewed the IJ's decision for clear error and agreed with the IJ's reasoning, we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

2. Maldonado does not provide any authority for her contention that the BIA is precluded from considering the elements of an offense when the conviction is based on a no contest plea. Under California law, "[t]he legal effect of a [no contest] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Penal Code § 1016(3). Maldonado does not contest that the crime to which she pleaded no contest is punishable as a felony, and the record confirms as much. Applying the factors set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), the BIA was permitted to consider, *inter alia*, the "nature of [her] conviction" by examining the elements of her offense. *Id.* at 247. While it is true that

3

"the BIA's particularly serious crime determination cannot rest solely on the elements of conviction," *Flores-Vega*, 932 F.3d at 885, that did not occur here, where the BIA engaged in case-specific analysis to conclude that her conviction for accessory-after-the-fact was particularly serious.[2]  Accordingly, the BIA did not abuse its discretion in considering the elements of her 2015 conviction when it determined that she committed a particularly serious crime.

3. Maldonado also argues that the agency failed to consider that her sentence was imposed pursuant to California Penal Code § 1170(h), which she understands to mean that the sentencing judge necessarily found that her crime was not serious or violent.  However, as the government correctly notes, Maldonado never raised this issue with the BIA.  Accordingly, Maldonado failed to exhaust this issue, and we decline to consider it.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

4.  Additionally, because the BIA did not abuse its discretion in determining that Maldonado committed a particularly serious crime barring her from her requested relief, we need not consider whether she committed an aggravated felony under *Valenzuela Gallardo v. Barr*, 968 F.3d 1053 (9th Cir. 2020).

---

[2] To the extent that Maldonado is asking the court to reweigh the *Frentescu* factors, we lack jurisdiction to do so.  *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021).

5. Substantial evidence supports the BIA's determination that Maldonado was not eligible for deferral of removal under the CAT, because the evidence does not compel the conclusion that she will "more likely than not be tortured" if returned to Mexico. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1188 (9th Cir. 2020).

Maldonado contends that the Michoacán cartel will torture her if she is removed to Mexico because her codefendants are Michoacán cartel members, their convictions are a direct result of her cooperation with U.S. authorities, and the Michoacán cartel tortures cooperating witnesses. But Maldonado's claim rests entirely on speculative future harm. Assuming that her codefendants are Michoacán cartel members, a reasonable adjudicator could infer that the Michoacán cartel does not have any interest in her. Maldonado did not speak to U.S. authorities until after her codefendants confessed to kidnapping the victim, and she did not testify against them at trial. Indeed, according to the record before us, the Michoacán cartel has not harmed Maldonado or threatened to harm her. Maldonado only produced evidence of a nonverbal threat: her codefendant made "threatening eyes" at her and said her name at sentencing. Other evidence undermines any inference that Maldonado's codefendant intends her harm. For example, Maldonado's codefendant did not harm her when they temporarily shared a cell and told her that "[a]s family, [they] have to cover each other." Because the record does not compel us to conclude that

5

Maldonado is more likely than not to be tortured if removed to Mexico, we deny her petition insofar as it is based on that ground.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED**.